NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT DAVID KAMP,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant-Appellee. | No. 21-35934<br><br>D.C. No. 6:20-cv-00847-MK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding

Submitted November 8, 2022**
Portland, Oregon

Before: CLIFTON and BUMATAY, Circuit Judges, and BAKER,*** International Trade Judge.
Dissent by Judge BUMATAY.

Plaintiff Robert Kamp appeals the district court's order affirming an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Administrative Law Judge's ("ALJ") denial of Social Security disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

Kamp suffers from multiple mental disorders. His disability claim is complicated by a history of stimulant abuse and continued medicinal marijuana use.

In denying his claim, the ALJ rejected opinion evidence from Kamp's medical providers for allegedly failing to evaluate the impact of his substance use on his symptoms. The ALJ initially determined that Kamp met Listing 12.03 for schizophrenia and other psychotic disorders with substance abuse at step three of the sequential evaluation. In the second round, however, she concluded that his substance abuse was material to the disability finding, and without it, he could not meet the Listing. She ultimately determined that he was not disabled, and the district court affirmed.

We review a district court's decision de novo and uphold an ALJ's disability determination "unless it is either not supported by substantial evidence or is based upon legal error." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

## I.     Medical Opinion Evidence

Substantial evidence does not support the ALJ's rejection of the medical providers' opinions for their failure to consider the impact of Kamp's substance use on his symptoms. The ALJ's rejection of the providers' opinions impacted the

Listing analysis and residual functioning capacity determination in step three, as well as the vocational hypotheticals in step five.

The medical source statement forms instructed the providers to "<u>not include</u> any limitations which you believe the individual has as a result of his or her alcoholism or drug addiction, if any. In other words, do not include limitations which would go away if the individual stopped using drugs or alcohol." There is no evidence to suggest that the providers did not follow the instructions.[1] On the contrary, Kamp's therapist wrote in an explanatory letter attached to her form that Kamp "has been clean and sober for almost two years. The severity of his illness while clean indicates that it is not related to substance use." Therefore, these forms reflected the providers' observations of Kamp's limitations without substances.

Additionally, treatment records show that the providers repeatedly assessed whether his symptoms were due to substance use and determined that they were not. There is thus no evidence, let alone substantial evidence, to support the ALJ's conclusion that the providers failed to consider his non-substance-related symptoms—in fact, they did just that.

## II.    Materiality of Substance Use

Substantial evidence does not support the ALJ's finding that Kamp's history

---

[1] Because the ALJ failed to acknowledge the instruction, we cannot assess how it affected the ALJ's assessment of the therapist's analysis.

of stimulant abuse and continued medicinal marijuana use was material to the disability finding at step three.

Claimants will not be considered "disabled" for the purpose of awarding benefits if their "drug addiction or alcoholism" ("DAA") is a contributing factor material to the disability determination. 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); SSR 13-2p(a), 2013 WL 621536 at *2.[2] The key issue in evaluating whether DAA is material is whether claimants would still be found disabled if they stopped using substances. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1); SSR 13-2p(2), 2013 WL 621536 at *4.

Here, the ALJ determined at the third step of the sequential evaluation that Kamp met Listing 12.03 with substance abuse, but he would not meet the Listing if he stopped using. In other words, the ALJ found that his substance use was material to the disability finding.

However, substantial evidence does not support the ALJ's conclusion. No medical professional involved in this case—not even the state consultants[3]—

---

[2] SSRs "do not carry the force of law, but they are binding on ALJs nonetheless," and "[t]hey reflect the official interpretation of the SSA and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

[3] In determining that Kamp was not disabled in 2017, the state consultants did not review other medical source opinions. On remand, the persuasiveness of the consultants' opinions must be considered in light of their limited review and medical evidence from Kamp's providers.

21-35934

opined that Kamp's substance use was material. Rather, his providers considered his stimulant use disorder "in remission" after March 2017 and documented his completion of substance abuse treatment.

Kamp continued to use marijuana medicinally with his providers' permission.[4] While his psychiatrist noted that marijuana use "may perpetuate [his] symptoms to some extent," the same psychiatrist diagnosed him with schizophrenia/schizoaffective disorder,[5] which necessarily entails ruling out substances as a cause of the symptoms of psychosis.[6] American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 99, 105 (5th ed. 2022) ("DSM-5"). The psychiatrist later explained in his medical source statement that Kamp had the highest degree of impairment in all but one functional category without substance use.

---

[4] The dissent does not acknowledge that Kamp's marijuana use was medicinal. The fact that, as the dissent notes, certain providers expressed concern about his marijuana use, Dissent at 1, does not resolve the conflict between the doctors' approaches.

[5] Kamp's psychiatrist lists both schizophrenia and schizoaffective disorder diagnoses. While these disorders are mutually exclusive, *see* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 99 (5th ed. 2022), we list both because we are not equipped to determine which diagnosis is more proper.

[6] If substances cannot be the cause of the symptoms of psychosis, then the dissent's emphasis that "Kamp admitted that he used marijuana *every day*," Dissent at 1, cannot be relevant.

21-35934

In concluding that evidence of Kamp's substance use precludes a disability finding, the dissent ignores the required materiality analysis. *See* Dissent at 1–2. Both the Social Security Act and Social Security Ruling 13-2p, which governs the Social Security Administration's ("SSA") review when there is evidence of DAA, preclude a disability finding only when a claimant's substance use is a contributing factor *material* to the determination. 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); SSR 13-2p(a), 2013 WL 621536 at *2. Evidence of substance use does not in itself establish materiality.[7] *See* SSR 13-2p(8)(b), 2013 WL 621536 at *10. Rather, materiality is shown through evidence "establish[ing] that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA."[8] *Id.* at (7)(b), 2013 WL 621536 at *9. No such evidence is present in the record.

On the contrary, the evidence demonstrates that Kamp's providers determined he suffered from schizophrenia/schizoaffective disorder without substance use. For example, one provider explained that his "diagnoses have been

---

[7] Indeed, the SSA requires that, to be considered DAA, and thereby trigger a materiality analysis, a claimant's substance use must first meet the definition of a "Substance Use Disorder" in the DSM-5. SSR 13-2p(1)(a)(i), 8(b)(ii), 2013 WL 621536 at *3, 10.

[8] Unlike physical impairment cases, the SSA does not permit ALJs "to rely exclusively on medical expertise and the nature of a claimant's mental disorder" to establish materiality in cases involving mental disorders because there is no "research data" that can "predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs." SSR 13-2p(7)(a)–(b), 2013 WL 621536 at *9.

complicated by a history of stimulant use. In order to obtain the most accurate clinical picture it was important to differentiate between symptoms due to substance use and symptoms due to mental illness. [He] has maintained his sobriety from stimulants for approximately the past year and continues to experience symptoms consistent with a psychotic disorder." Further, another provider observed that "[t]his is a complex client presentation, [Kamp] likely has a psychotic disorder. Psychotic symptoms have increased, despite the fact that [he] continues to be clean from methamphetamine use for almost 1 year. Does not appear to be a drug induced psychosis." Thus, while the record evidences a history of stimulant use disorder now in remission and continued medicinal marijuana use, it does not support the conclusion that his substance use was material to the disability determination.

Remand for further proceedings, as opposed to remand with instructions to award benefits, is warranted here for further consideration and development of evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). For the foregoing reasons, we reverse the district court's order affirming the denial of benefits and remand to the district court with instructions to remand to the ALJ for further proceedings consistent with this disposition.

**REVERSED** and **REMANDED** for further proceedings.

7

*Kamp v. Kijakazi*, No. 21-35934
BUMATAY, Circuit Judge, dissenting:

Our duty is to uphold an administrative law judge's findings if they are supported by substantial evidence. Substantial evidence is a low bar that requires only evidence that "a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). And a claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). Because the majority improperly disregards the ALJ's determination that Robert Kamp's drug use was material to his impairments, I respectfully dissent.

Based on the record here, we should have deferred to the ALJ's finding that Kamp's drug abuse was a "contributing factor material" to his disability. *See* 20 C.F.R. §§ 404.1535, 416.935. The record shows that Kamp used marijuana, bath salts, and methamphetamines during his disability period. Indeed, Kamp admitted that he used marijuana *every day*. This was despite repeated warnings from his medical providers that his chronic drug use exacerbated his psychiatric disorders. As one mental health provider found, Kamp's depression had been "increasing since [he] increased THC use" and she recommended that Kamp discontinue smoking marijuana. Kamp himself reported that his marijuana use made his symptoms worse.

Kamp's mother also testified that his problems began after he started using methamphetamines, bath salts, and other substances. Meanwhile, Kamp's

1

symptoms improved when he stopped using stimulants, and they improved still further when he was prescribed a new psychotropic medication. If any question was left on this issue, it's uncontested that Kamp went to the emergency room for "acute methamphetamine abuse" during the disability period. This is more than enough evidence to support the ALJ's determination that Kamp's drug use was material to his disability.

To overrule this mountain of evidence, the majority plays both factfinder and doctor. First, the majority casts aside the ALJ's and other providers' concerns about Kamp's marijuana use and instead condones the everyday use as "medicinal." Maj. Dec. 5. n.4. But the ALJ made no finding that Kamp's marijuana use was under the care of a physician. There's no prescription for marijuana in the record at all—let alone for Kamp's excessive use. In any case, the abuse of any drug—prescribed or not—can serve as a contributing factor material to disability under the regulations. *See* SSR 13-2p, Evaluating Cases Involving Drug Addiction and Alcoholism, 2013 WL 621536, at \*3.

Second, the majority offers its medical opinion that marijuana use must be "necessarily . . . rul[ed] out" as a cause for psychosis for those who suffer from schizophrenia. Maj. Dec. 5. The majority goes so far to suggest marijuana use cannot even "be relevant" to the analysis. *Id*. at n.6. While we can all read the DSM-5, that doesn't mean we are qualified to make such medical diagnoses.

2

Third, the majority improperly concludes there's no evidence of the materiality of the Kamp's drug abuse, despite acknowledging that there was a "conflict between the doctors' approaches" to his marijuana use. Maj. Dec. 5 n.4. To be sure, as the majority points out, there is contrary evidence in the record—some examiners thought Kamp's schizophrenia outweighed his drug use. But it is the ALJ—not us—that gets to resolve these conflicts.

Finally, the majority inappropriately rebalances the ALJ's weighing of psychiatrist Dr. Marc Williams' and social worker Sarah Haefele's medical statement forms. While the forms instructed the providers not to consider his substance use in assessing Kamp, Dr. Williams concluded that Kamp had the highest level of impairments even though he also said that Kamp's marijuana use "may perpetuate" his mental impairments. Haefele claimed that Kamp was "clean and sober" for two years—a finding that was just factually wrong. The ALJ also noted that these two providers' opinions were contradicted by the record. For example, they both believed that Kamp did not have the ability to use public transportation. But Kamp reported that he traveled to the Social Security Office on his own and that he took public transportation. The ALJ was thus entitled to discount Williams' and Haefele's opinions based on these discrepancies.

Given our limited role in administrative decisions, I would have affirmed here.